IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ADRIAN MEJIA | § § § | |
| v. | § | CIVIL ACTION NO. 3:16-cv-108 |
| | § | |
| ASI LLOYDS AND RICHARD GARCIA | § § § | |

### NOTICE OF REMOVAL

Defendant ASI Lloyds ("ASI") through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action *Adrian Mejia v. ASI Lloyds and Richard Garcia*, Cause No. 16-CV-0323, in the 405th Judicial District Court of Galveston County, Texas. In support of this Notice of Removal, ASI respectfully represents the following:

1. Adrian Mejia ("Plaintiff") commenced the captioned insurance bad faith action on March 16, 2016, by filing Plaintiff's Original Petition (the "Petition") in the 405th Judicial District Court of Galveston County, Texas. ASI was served on April 4, 2016.

2. Copies of all process, pleadings, orders, and the docket sheet in the state court action are filed herewith. [*See* Index of Matters Being Filed, (a) Plaintiff's Original Petition; (b) Civil Case Information Sheet; (c) Request for Issuance of Service for ASI Lloyds; (d) Request for Issuance of Service for Richard Garcia; (e) Citation for ASI Lloyds; (f) Citation for Richard Garcia; and (g) Case Summary].

3. The Petition avers that Plaintiff is a resident of Galveston County, Texas.[1] The

---

[1] Petition, ¶ 2.

Petition alleges that ASI is "an insurance engaging in the business of insurance in the State of Texas" but fails to allege a state of incorporation or principal place of business.[2] Defendant, ASI Lloyds was, and at the date of this Notice remains, an unincorporated association of 10 underwriters. For diversity purposes, the citizenship of an unincorporated association is determined by the citizenship of each member of the entity.[3] The members of ASI Lloyds are the underwriters alone.[4] The individual underwriters are as follows: Tanya J. Fjare, Trevor C. Hillier, Kevin R. Milkey, John F. Auer, Jr., Edwin L. Cortez, Mary F. Fournet, Philip L. Brubaker, Pat McCrink, Jeff Hannon, and Angel Conlin. Each of these underwriters is a citizen of the State of Florida and resides outside the state of Texas as of the commencement of this lawsuit and its subsequent removal. Because each of the underwriters is a citizen of a state other than Texas, ASI Lloyds is not a Texas citizen.[5]

4. The Petition alleges that Richard Garcia ("Garcia") is an individual resident of the State of Texas.[6] However, Garcia's citizenship should be disregarded because Plaintiff fraudulently joined him as a party for the sole purpose of defeating diversity of citizenship in this case.

5. The Petition alleges that Plaintiff owns property located in Galveston County, Texas insured under an Insurance Policy issued by ASI.[7] The Petition alleges that Plaintiff

---

[2] Petition, ¶ 3.
[3] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021 (1990).
[4] *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998) ("In this case, therefore, the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.")
[5] *Massey v. State Farm Lloyd's*, 993 F.Supp. 568, 570 (S.D. Tex. 1998) ("Because no member of State Farm Lloyd's is a Texas resident, complete diversity exists between the parties to this action, and this Court has federal diversity jurisdiction under 28 U.S.C. § 1332."); *Rappaport v. State Farm Lloyd's*, 1998 WL 249211 (N.D. Tex. 1998) ("Because the Court finds that State Farm Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff, Plaintiff's Motion to Remand is DENIED.").
[6] Petition, ¶ 4.
[7] Petition, ¶¶ 8-9.

suffered damages as a result of a fire at the residence on or about November 22, 2015.[8]  The Petition further alleges Plaintiff submitted a claim for the damage, at which point ASI allegedly denied and/or underpaid Plaintiff's claim for damages to the Property.[9]

6.      ASI does not admit the underlying facts as alleged by Plaintiff or as summarized above.  Further, ASI expressly denies that it has any liability to Plaintiff.

7.      This Notice of Removal is filed within 30 days of service of the Petition and is therefore timely under 28 U.S.C. Section 1446(b).

8.      Consent to this removal by Garcia is unnecessary as the he was improperly joined.

### GARCIA IS IMPROPERLY JOINED

9.      Fraudulent joinder is determined based on an analysis of the causes of action alleged in the petition at the time of removal.[10]  If no viable claims exist against the non-diverse defendant, its presence must be disregarded for jurisdictional purposes.[11]  The fraudulent joinder doctrine applies when there is (1) actual fraud in the plaintiff's pleading of the jurisdictional facts, or (2) when the plaintiff has no possibility of establishing a cause of action against a non-diverse defendant in state court.[12]

10.     Based on the facts alleged, Plaintiff has no possibility of establishing a cause of action against Garcia.  Consequently, Garcia has been improperly joined in this case to defeat diversity jurisdiction.

11.     Plaintiff named Garcia as a defendant, but does not make any specific factual

---

[8] Petition, ¶ 11.
[9] Petition, ¶ 11.
[10] *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).
[11] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994).
[12] *Id.* (citations omitted).

allegations of wrongdoing against him. This is reminiscent of the petition in *Griggs v. State Farm Lloyds*.[13] In *Griggs*, the plaintiff named its insurance agent as a defendant, but failed to allege any actionable facts specific to him.[14]

12.  Plaintiff's pleading tracks the language of a number of the enumerated acts and practices that could constitute violations under the Texas Insurance Code. Specifically, Plaintiff alleges that Garcia violated the Texas Insurance Code by (1) misrepresenting one or more material facts and/or policy provisions relating to coverage; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim, even though liability had become reasonably clear; (3) failing to provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims; (4) refusing to affirm or deny coverage within a reasonable time; (5) refusing to conduct a reasonable investigation; (6) ignoring damage known to be covered; and (7) conducting an outcome-oriented investigation.[15] These "allegations" are simply legal conclusions. Plaintiff does not plead any specific acts by Garcia that support any of the allegations. And conclusory allegations alone are insufficient to preclude removal due to fraudulent joinder.[16] This Court should, thus, follow the precedent established in *Griggs* and find that Lemond was improperly joined for purposes of diversity jurisdiction.

## DIVERSITY JURISDICTION

13.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a), and this matter is, therefore, removable to this Court pursuant to 28 U.S.C. § 1441 (a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff is a Texas resident. ASI is a citizen of

---

[13] 181 F.3d 694 (5th Cir. 1999).
[14] *Id.* at 699.
[15] Petition, at ¶¶12, 14-18, 26-328.
[16] *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

4

Florida.[17]   As discussed, while Garcia is a resident of the State of Texas, his citizenship is irrelevant for diversity purposes because he was fraudulently joined.  Consequently, there is complete diversity of citizenship.

14.   The amount in controversy exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332 (a).  In the Petition, Plaintiff alleges that it seeks "monetary relief over $100,000 but not more than $200,000."[18] Plaintiff also seeks additional and consequential damages, interest, exemplary damages, and attorneys' fees.[19]  Attorneys' fees and penalties may be included as part of the amount in controversy for jurisdictional purposes.[20]

15.   Further, plaintiffs in Texas are not limited to the recovery of damages requested in their pleadings.  "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints…."[21]  "The general principal is that Plaintiff will have to show that they are bound irrevocably by their state pleadings."[22]

16.   No binding stipulation or affidavit was filed with Plaintiff's Petition.

## REMOVAL PROCEDURE

17.   The clerk of the 405th Judicial District Court of Galveston County, Texas has been provided notice of this removal.

18.   The following exhibits are attached hereto and incorporated herein by reference:

    a.   Index of matters being filed;

    b.   List of all parties and counsel of record;

---

[17] *Getty Oil Corp. v. Insurance Co. Of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988).
[18] Petition, ¶5.
[19] Petition, ¶¶ 55-61 .
[20] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326 (5th Cir. 2000).
[21] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)).
[22] *Id.* at 1412, n. 10.

  c. Copy of all pleadings, process, and orders served upon defendants; and

  d. Notice of Removal to State Court

WHEREFORE, ASI hereby provides notice that this action is duly removed.

          Respectfully submitted,

          */s/ LaDonna G. Schexnyder*
          LaDonna G. Schexnyder
          Texas Bar No. 24072938
          Federal ID No. 1096795
          lschexnyder@lawla.com
          LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
          9311 Bluebonnet Blvd., Suite A
          Baton Rouge, LA  70810
          Telephone:  (504) 568-1990
          Facsimile:  (504) 310-9195
          ATTORNEY-IN-CHARGE FOR DEFENDANTS, ASI LLOYDS

OF COUNSEL:
Kelli Gunter
Texas Bar No. 24059872
Federal ID No. 31001
kgunter@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

## CERTIFICATE OF SERVICE

 I hereby certify that on this the 25th day of April, 2016, a copy of the foregoing has been served upon all counsel of record in this action by ECF Filing and/or facsimile to:

 Mr. Daniel P. Barton
 Mr. Wayne D. Collins
 1201 Shepherd Drive
 Houston, TX  77007

          */s/ LaDonna G. Schexnyder*
          LaDonna G. Schexnyder