**OFFICIAL RECEIPT**

# John D. Kinard
## District Clerk, Galveston County
## (409) 766 - 2424
## www.co.galveston.tx.us/District_Clerk

| Payor | Receipt No. |
|---|---|
| MEGHAN HEIN | **2016-15979-DC** |

Transaction Date
04/19/2016

| Description | Amount Paid |
|---|---|
| Miscellaneous Payment | |
| Fax Filing Fee | 1.50 |
| Fax Filing Fee | 1.50 |
| Certified Copies | 21.00 |
| Copies | 21.00 |
| **SUBTOTAL** | **22.50** |

| **PAYMENT TOTAL** | **22.50** |
|---|---|

| Credit Card (Ref #075057) Tendered | 22.50 |
|---|---|
| Total Tendered | 22.50 |
| Change | 0.00 |

16CV0323

| 04/19/2016 | Cashier | Audit |
|---|---|---|
| 04:53 PM | Station BK4 | 2853177 |

**OFFICIAL RECEIPT**

# CASE SUMMARY
## CASE NO. 16-CV-0323

| Adrian Mejia vs. ASI Lloyds Et Al | § § § § | Location: | **405th District Court** |
|---|---|---|---|
| | | Judicial Officer: | **Slaughter, Michelle** |
| | | Filed on: | **03/16/2016** |

### CASE INFORMATION

| | | |
|---|---|---|
| | Case Type: | **Contract - Debt - Commercial/Consumer** |
| | Case Status: | **03/16/2016  Active** |
| | Case Flags: | **Jury Fee Paid** |

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment** |

| | | |
|---|---|---|
| Case Number | 16-CV-0323 |
| Court | 405th District Court |
| Date Assigned | 03/16/2016 |
| Judicial Officer | Slaughter, Michelle |

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Mejia, Adrian** | **Barton, Daniel Patrick** *Retained* 7132274747(W) |
| **Defendant** | **ASI Lloyds** | |
| | **Garcia, Richard** | |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 03/16/2016 | 📄 Original Petition - OCA  *With Jury demand* | |
| 03/16/2016 | 📄 OCA Case Information Sheet | |
| 03/16/2016 | 📄 Request for Civil Service  *Issue 2 citations e- mail to attorney assigned to RK* | |
| 03/17/2016 | 📄 Citation Issuance - Work Product  Party: Defendant ASI Lloyds; Defendant Garcia, Richard  *Issued 2 Citations @ $8.00 Each Along With S/C Sheet And Emailed To attorney. RK* | |
| 03/17/2016 | 📄 Receipt Acknowledge | |
| 04/20/2016 | 📄 Return of Service on Citation/Subpoena  *Return of Citation Service* | |

| DATE | FINANCIAL INFORMATION |
|---|---|

| | |
|---|---|
| **Plaintiff** Mejia, Adrian | |
| Total Charges | 353.00 |
| Total Payments and Credits | 353.00 |
| **Balance Due as of  4/20/2016** | **0.00** |

# CASE SUMMARY
### CASE NO. 16-CV-0323

Filed: 3/16/2016 4:38:46 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 9645049
By: Ann Vaughn
3/17/2016 9:45:02 AM

CAUSE NO. 16-CV-0323 _____

| | | |
|---|---|---|
| ADRIAN MEJIA | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| ASI LLOYDS AND RICHARD GARCIA | § | Galveston County - 405th District Court |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Adrian Mejia, hereinafter referred to as Plaintiff, complaining of ASI Lloyds ("ASI") and Richard Garcia ("Garcia") (hereinafter collectively referred to as Defendants) and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiff is a resident of Galveston County, Texas.

3. Defendant ASI is a Texas insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its attorney for

service:   Rodney D. Bucker, 700 North Pearl Street 25th Floor, Dallas, Texas 75201. Plaintiff requests service at this time.

4.      Defendant Garcia is an individual residing in Harris County, Texas and may be served with process at the following address: 5310 Woodville Ln., Spring, Texas 77379.

## JURISDICTION

5.      Plaintiff stipulates that the damages in this matter are between $100,000 and $200,000, excluding interest and costs, and that the damages are within the jurisdictional limits of the court.   Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes this required stipulation under TRCP 47.

6.      The court has jurisdiction over Defendant ASI because this Defendant is an insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

7.      The court has jurisdiction over Defendant Garcia because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

8.      Venue is proper in Galveston County, Texas, because the insured's property is situated in Galveston County, Texas.   TEX.CIV.PRAC.REM.CODE§15.032.

## FACTS

9.      Plaintiff is the owner of a Texas Homeowners' insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant ASI Lloyds.  Plaintiff owns the insured property, which is specifically located at 147 Bristol Bend Lane, Dickinson, Texas 77539 (hereinafter referred to as "the Property").

10.     Defendant ASI sold the Policy insuring the Property to Plaintiff.

11.     On or about November 22, 2015, Plaintiff experienced a fire which caused damage to the Property and constituted a covered loss under the Policy issued by Defendant ASI. Plaintiff subsequently opened a claim and Defendant ASI assigned Defendant Garcia to adjust the claim.  Defendant ASI wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the loss.

12.     Defendant Garcia made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff.  Specifically, Defendant Garcia failed to conduct a reasonable investigation and did not have adequate evidence to support the underpayment of Plaintiff's claim at the time it was inadequately paid.  As a result of Defendant Garcia's conduct, Plaintiff's claim was underpaid.

13.     Defendant ASI failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policies in effect during Plaintiff's loss.  Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been carried out and accomplished by Plaintiff.  Defendant ASI's conduct constitutes a breach of the insurance contract between Defendant ASI and Plaintiff.

14.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060(a)(1).

15.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(a).

16.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(3).

17.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

18.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's loss on the Property. Defendants' conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

19.    Defendant ASI failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

20.    Defendant ASI failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.056.

21.    Defendant ASI failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant ASI has delayed full payment of Plaintiff's claim longer than allowed and, to date Plaintiff has not yet received full payment for their claim. Defendant ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §541.058.

22.    From and after the time Plaintiff's claim was presented to Defendant ASI, the liability of Defendant ASI to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant ASI has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant ASI's conduct constitutes a breach of the common law duty of good faith and fair dealing.

23.   Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

24.   As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing them with respect to these causes of action.

25.   Plaintiff's experience regarding their claim with Defendant ASI is not an isolated case. The acts and omissions Defendant State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant ASI with regard to handling these types of claims.   Defendant ASI's entire process is unfairly designed to reach favorable outcomes for the insurance companies at the expense of the policyholders.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT GARCIA

### TEXAS INSURANCE CODE VIOLATIONS

26.   Defendant Garcia's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX.INS.CODE §541.060(a).   All violations under this article are made actionable by TEX.INS.CODE §541.151.

27.   Defendant Garcia is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Defendant ASI, because individually, he meets the definition of a "person" as defined by TEX.INS.CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and

health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

28.    Defendant Garcia's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

29.    Defendant Garcia's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(2)(A).

30.    The unfair settlement practice of Defendant Garcia as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

31.    Defendant Garcia's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

32.     Defendant Garcia's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

## FRAUD

33.     Defendant Garcia is liable to Plaintiff for common law fraud.

34.     Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Defendant Garcia knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35.     The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury, which constitutes common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT ASI

36.     Defendant ASI is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

37.     Defendant ASI's conduct constitutes a breach of the insurance contract made between Defendant ASI and Plaintiff.

38.     Defendant ASI's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under

the laws of the State of Texas, constitutes a breach of Defendant ASI's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

39.     Defendant ASI's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

40.     Defendant ASI's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

41.     Defendant ASI's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant ASI's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(2)(A).

42.     Defendant ASI's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(3).

43.     Defendant ASI's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

44.   Defendant ASI's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

45.   Defendant ASI's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX.INS.CODE §542.060.

46.   Defendant ASI's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX.INS.CODE §541.055.

47.   Defendant ASI's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claims within the applicable time constraints and a violation of the TEX.INS.CODE §541.056.

48.   Defendant ASI's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims. TEX.INS.CODE §541.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49.    Defendant ASI's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

50.    Defendant ASI's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant ASI knew or should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

### FRAUD

51.    Defendant ASI is liable to Plaintiff for common law fraud.

52.    Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which ASI knew were false or made recklessly without any knowledge of their truth as a positive assertion.

53.    The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury, which constitutes common law fraud.

### KNOWLEDGE

54.    Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

55.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

---

56.   For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of their claim, together with attorney fees.

57.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times their actual damages. TEX.INS.CODE §541.152.

58.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum of the amount of their claim as damages, together with attorney's fees.  TEX.INS.CODE §542.060.

59.   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

60.   For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.

61.   For the prosecution and collection of these claims, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

62.    Plaintiff hereby request that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Fort Bend County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## REQUEST FOR DISCLOSURE

63.    Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, statutory penalties and interest, and for any other and further relief, either at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

By:    /s/ Daniel P. Barton
           DANIEL P. BARTON
           State Bar No.: 00789774
           WAYNE D. COLLINS
           State Bar No.: 00796384
           1201 Shepherd Drive
           Houston, Texas 77007
           (713) 227-4747- Telephone
           (713) 621-5900- Telecopier
           dbarton@bartonlawgroup.com
           wcollins@bartonlawgroup.com
           **ATTORNEYS FOR PLAINTIFF**



**JOHN D. KINARD**

**District Clerk**

**Galveston County, Texas**

## CERTIFIED COPY

I, **John D. Kinard**, District Clerk of Galveston County, Texas
certify that this is a true and correct copy of the original record
filed and or recorded in my office, electronically or hard copy,
as it appear on this date.

Witness my official hand and seal of office this 04/20/2016

Case Number 16-CV-0323 -  405th District Court

Case Style: Adrian Mejia vs. ASI Lloyds Et Al

Document contains 13 page(s)

**Document Title: Plaintiff's Original Petition**

**John D. Kinard, District Clerk**

**GALVESTON COUNTY, TEXAS**

Prepared By David R. Kaplan, Deputy Clerk

In accordance with Texas Government Code 406.013, electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal, please
email dcweb@co.galveston.tx.us

Filed: 3/16/2016 4:38:46 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 9645049
By: Ann Vaughn
3/17/2016 9:45:02 AM

## CIVIL CASE INFORMATION SHEET

**16-CV-0323**

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

**Galveston County - 405th District Court**

STYLED  Adrian Maya v. ASI Lloyds and Richard Garcia

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>Daniel P. Barton | Email:<br><br>fee@bartonlawgroup.com | Plaintiff(s) Petitioner(s):<br><br>Adrian Maya | ☒ Attorney for Plaintiff Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:<br><br>1201 Shepherd Drive | Telephone:<br><br>713-227-4747 | _____<br><br>Defendant(s) Respondent(s): | Additional Parties in Child Support Case: |
| City/State/Zip:<br><br>Houston, Texas 77007 | Fax:<br><br>713-621-5900 | ASI Lloyds<br><br>Richard Garcia | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature:<br><br>/s/ | State Bar No:<br><br>00793774 | _____<br>[Attach additional page as necessary to list all parties] | Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt Contract*<br>☐ Consumer/DTPA<br>☐ Debt Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability: | ☐ Eminent Domain/Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| *Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☒ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | | _____ | | **Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | ☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>List Product: | **Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—Pre-indictment<br>☐ Other: | **Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | **Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| | ☐ Other Injury or Damage: | | | |

| **Employment** | **Other Civil** | | |
|---|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees<br>
☐ Less than $100,000 and non-monetary relief<br>
☒ Over $100,000 but not more than $200,000<br>
☐ Over $200,000 but not more than $1,000,000<br>
☐ Over $1,000,000

Rev 2/13



**JOHN D. KINARD**
**District Clerk**
**Galveston County, Texas**

## CERTIFIED COPY

I, **John D. Kinard**, District Clerk of Galveston County, Texas
certify that this is a true and correct copy of the original record
filed and or recorded in my office, electronically or hard copy,
as it appear on this date.
Witness my official hand and seal of office this 04/20/2016

Case Number 16-CV-0323 -  405th District Court
Case Style: Adrian Mejia vs. ASI Lloyds Et Al

Document contains  page(s)
**Document Title: Civil Case Information Sheet**

**John D. Kinard, District Clerk**
**GALVESTON COUNTY, TEXAS**

Prepared By David R. Kaplan, Deputy Clerk

**In accordance with Texas Government Code 406.013, electronically transmitted authenticated**
**documents are valid. If there is a question regarding the validity of this document and or seal, please**
**email dcweb@co.galveston.tx.us**

Issue 2 citations e-mail to attorney assigned to RK

Filed: 3/16/2016 4:38:46 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 9645049
By: Ann Vaughn
3/17/2016 9:45:02 AM



# JOHN D. KINARD
## DISTRICT CLERK GALVESTON COUNTY

|  |  |  |  |
|---|---|---|---|
| Case Number: | 16-CV-0323 | **REQUEST FOR ISSUANCE OF SERVICE** | |
| | | Court Description: | Galveston County - 405th District Court |

Name(s) of Documents to be served:  Plaintiff's Original Petition

**SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)**

Issue Service To:  ASI Lloyds

Address of Service:  700 North Pearl Street, 25th Floor

City, State & Zip:  Dallas, Texas  75201

Agent (IF APPLICABLE)  Rodney D. Bucker

**TYPE OF SERVICE TO BE ISSUED:**

| | | | |
|---|---|---|---|
| ☑ Citation | ☐ Citation by Posting | ☐ Citation by Publication | ☐ Citation Rule 106 Service |
| ☐ Temporary Restraining Order | ☐ Precept | ☐ Notice | ☐ Secretary of State Citation |
| ☐ Protective Order | ☐ Citation Scire Facias | ☐ Attachment | ☐ Certiorari |
| ☐ Garnishment | ☐ Habeas Corpus | ☐ Injunction | ☐ Sequestration |
| ☐ Subpoena | | | |
| ☐ Other (Please Describe): _____ | | | |

*All service fees for Sheriff and Constable are collected by the clerk of court at the time of request.*

**UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)**

☐ Send to Sheriff

☐ Galveston County Constable Name and Address  _____

☐ Civil Process Server (Include the name of the Authorized Person to pick-up): _____

☐ Call attorney for pick up (Phone Number): _____

☐ Mail to attorney at: _____

☑ Email Service to:  lea@bartonlawgroup.com

☐ District Clerk serve by certified mail  _____

☐ Send to League City

**ISSUANCE OF SERVICE REQUESTED BY:**

Attorney/Party Name:  Daniel P. Barton, Barton Law Firm

Phone Number:  713-227-4747        Email Address:  lea@bartonlawgroup.com

Revision 2.0



# JOHN D. KINARD
## DISTRICT CLERK GALVESTON COUNTY

**REQUEST FOR ISSUANCE OF SERVICE**

Case Number: **16-CV-0323**

Court Description: Galveston County - 405th District Court

Name(s) of Documents to be served: **Plaintiff's Original Petition**

### SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)

Issue Service To: **Richard Garcia**

Address of Service: **5310 Woodville Ln.**

City, State & Zip: **Spring, Texas 77379**

Agent (IF APPLICABLE):

### TYPE OF SERVICE TO BE ISSUED:

- ☒ Citation
- ☐ Temporary Restraining Order
- ☐ Protective Order
- ☐ Garnishment
- ☐ Subpoena
- ☐ Other (Please Describe):
- ☐ Citation by Posting
- ☐ Precept
- ☐ Citation Scire Facias
- ☐ Habeas Corpus
- ☐ Citation by Publication
- ☐ Notice
- ☐ Attachment
- ☐ Injunction
- ☐ Citation Rule 106 Service
- ☐ Secretary of State Citation
- ☐ Certiorari
- ☐ Sequestration

*All service fees for Sheriff and Constable are collected by the clerk of court at the time of request.*

### UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)

- ☐ Send to Sheriff
- ☐ Galveston County Constable Name and Address
- ☐ Civil Process Server (Include the name of the Authorized Person to pick up):
- ☐ Call attorney for pick up (Phone Number):
- ☐ Mail to attorney at:
- ☒ Email Service to:  **lea@bartonlawgroup.com**
- ☐ District Clerk serve by certified mail
- ☐ Send to League City

### ISSUANCE OF SERVICE REQUESTED BY:

Attorney/Party Name: **Daniel P. Barton, Barton Law Firm**

Phone Number: **713-227-4747**     Email Address: **lea@bartonlawgroup.com**

Revision 2.0



**JOHN D. KINARD**

**District Clerk**

**Galveston County, Texas**

# CERTIFIED COPY

I, **John D. Kinard**, District Clerk of Galveston County, Texas
certify that this is a true and correct copy of the original record
filed and or recorded in my office, electronically or hard copy,
as it appear on this date.
Witness my official hand and seal of office this 04/20/2016

Case Number 16-CV-0323 -  405th District Court
Case Style: Adrian Mejia vs. ASI Lloyds Et Al

Document contains 2 page(s)
**Document Title: Request For Issuance Of Service**

**John D. Kinard, District Clerk**
**GALVESTON COUNTY, TEXAS**

Prepared By David R. Kaplan, Deputy Clerk

In accordance with Texas Government Code 406.013, electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal, please
email dcweb@co.galveston.tx.us

## CITATION

### THE STATE OF TEXAS

**ADRIAN MEJIA VS. ASI LLOYDS ET AL**

**Cause No.: 16-CV-0323**

**405th District Court of Galveston County**

**TO:**  **Richard Garcia**
**5310 Woodville Ln**
**Spring TX 77379**

**GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.**

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **405th District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed **March 16, 2016**. It bears cause number **16-CV-0323** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 17th day of March, 2016.**

Issued at the request of:
Daniel Patrick Barton
Barton Law Firm
1201 Shepherd Drive
Houston TX 77007

**John D. Kinard**, District Clerk
Galveston County, Texas

By: *Rolande Kain*

Rolande Kain, Deputy

**SEE ATTACHED FORM**
*NOTE: Status Conference set: 06/09/2016 at 10:00 AM*

### OFFICER/AUTHORIZED RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ___. M. and executed at_____
_____ in _____County, Texas , on
the _____ day of _____, 20___ at _____ o'clock ___m, by delivering to_____, in
person a true copy of this Citation together with the accompanying _____ copy(ies) of the Original Petition - OCA attached thereto and
I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the _____ day of
_____, 20___.

Fee-Serving: _____

Amount: _____

_____
Sheriff/Constable

_____ County, Texas

BY: _____
Authorized Person/Deputy Signature

On this day personally appeared _____, known to me to be the person whose signature appears on the
foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the
exact manner recited on the return.

Sworn to and subscribed before me, on this _____ day of _____ 20 _____

_____
Notary Public

## CITATION

### THE STATE OF TEXAS

**ADRIAN MEJIA VS. ASI LLOYDS ET AL**

**Cause No.: 16-CV-0323**

**405th District Court of Galveston County**

**TO:**   ASI Lloyds
C/O Rodney D Bucker
700 North Pearl Street 25th Floor
Dallas TX 75201

**GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.**

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **405th District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed **March 16, 2016**. It bears cause number **16-CV-0323** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 17th day of March, 2016.**

Issued at the request of:
Daniel Patrick Barton
Barton Law Firm
1201 Shepherd Drive
Houston TX 77007

**John D. Kinard**, District Clerk
Galveston County, Texas

By:  *Rolande Kain*

Rolande Kain, Deputy

**SEE ATTACHED FORM**
*NOTE: Status Conference set: 06/09/2016 at 10:00 AM*

### OFFICER/AUTHORIZED RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ____. M. and executed at_____ in _____County, Texas , on the _____ day of _____, 20___ at _____ o'clock ___m, by delivering to_____, in person a true copy of this Citation together with the accompanying _____ copy(ies) of the Original Petition - OCA attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the _____ day of _____, 20___.

Fee-Serving: _____

Amount: _____

_____
Sheriff/Constable

_____ County, Texas

BY: _____
Authorized Person/Deputy Signature

On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this _____ day of _____ 20 _____

_____
Notary Public

**Kain, Rolande**

| | |
|---|---|
| **From:** | postmaster@bartonlawgroup.com |
| **To:** | lea@bartonlawgroup.com |
| **Sent:** | Thursday, March 17, 2016 11:24 AM |
| **Subject:** | Delivered: 16-CV-0323 Citation Service Packets |

**Your message has been delivered to the following recipients:**

lea@bartonlawgroup.com (lea@bartonlawgroup.com)

Subject: 16-CV-0323 Citation Service Packets